**UNITED STATES of America, Appellee,**

v.

**Robert Houston WOODS, Appellant.**

**No. 91–3670.**

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 5, 1992.

Decided Aug. 27, 1992.

Irl B. Baris, St. Louis, Mo., argued, for appellant.

John J. Ware, St. Louis, Mo., argued (Stephen B. Higgins and Mitchell F. Stevens, on the brief), for appellee.

Before McMILLIAN, BOWMAN and HANSEN, Circuit Judges.

McMILLIAN, Circuit Judge.

Robert Houston Woods appeals from a final judgment entered in the United States District Court[1] denying his Fed.R.Crim.P. 35 motion for a correction or reduction of his sentence. *United States v. Woods,* No. S1–87–105CR(5) (E.D.Mo. Nov. 5, 1991) (order). For reversal, Woods argues that the district court erred in not enforcing his plea "agreement" and thereby reducing his sentence accordingly. For the reasons discussed below, we affirm the judgment of the district court.

---

1. The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

On September 30, 1987, Woods was charged in a 30–count indictment with fourteen other defendants. Woods was charged with one count of conspiracy to distribute and possess with the intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846 and four counts of possession with the intent to distribute in violation of 21 U.S.C. § 841(a)(1).

Prior to trial, the government and the various defense attorneys engaged in plea negotiations. The district court was aware of these negotiations and indicated that it would accept the sentences agreed to by the parties. Woods had agreed to plead guilty and to waive his right of appeal in exchange for a sentence not longer than ten years. All other defendants, with the exception of John Alvin Payne, had agreed to plea guilty and waive their right of appeal in exchange for various sentences. Payne refused to give up his right to appeal. The government, because it was unable to reach an agreement with all defendants, withdrew its plea offer.

The case proceeded to trial and Woods was convicted of conspiracy and three counts of possession. On November 9, 1988, Woods was sentenced to a pre-Guidelines sentence of twenty-five years imprisonment. His conviction was affirmed by this court. *United States v. Macklin*, 902 F.2d 1320 (8th Cir.1990), *cert. denied*, — U.S. —, 111 S.Ct. 689, 112 L.Ed.2d 680 (1991).

On May 7, 1991, Woods filed a Rule 35 motion for a correction or reduction of his sentence claiming that the plea "agreement" reached before trial should be enforced and he should be resentenced to no more than ten years. The district court denied the motion and Woods appealed.

Woods argues that the plea "agreement" should be enforced because the only reason it was not accepted by the government was because Payne would not agree to waive his right to appeal. Woods argues that he had no control over whether Payne accepted the plea agreement, and therefore, the government improperly withdrew its offer of a plea agreement. Woods asks this court to require the district court to enforce the plea "agreement" by resentencing him to no more than ten years imprisonment.

The government argues that in the present case there was no enforceable plea agreement, and therefore, the government argues that the district court properly denied his Rule 35 motion.

Fed.R.Crim.P. 35(a), as applicable to offenses committed prior to November 1, 1987, provides for the correction of an illegal sentence at any time. Woods' sentence was below the statutory maximum in effect at the time he was sentenced, 21 U.S.C.A. § 841(b)(1)(A) (West 1981), and therefore it was not an illegal sentence. All other corrections and reductions must be filed within the 120–day period set out in Rule 35(b). Woods' Rule 35 motion was timely filed, but we hold that the district court did not err in denying the motion. No plea agreement was entered into because the government's offer was contingent upon acceptance of the offer by all defendants. When all defendants did not agree to the offer, the offer was withdrawn. Woods correctly argues that plea agreements can be enforced, but because no plea agreement was ever entered into, there was nothing for the district court to enforce.

Accordingly, we affirm the judgment of the district court.