UNITED STATES of America, Appellee,

v.

Micheal L. GRUENBERG, Appellant.

Nos. 94–1442, 94–1561.

United States Court of Appeals,
Eighth Circuit.

Submitted March 15, 1995.

Decided May 1, 1995.

Micheal L. Gruenberg, pro se.

Mark R. Pitsenbarger, Asst. U.S. Atty., for appellee.

Before McMILLIAN, LOKEN, and HANSEN, Circuit Judges.

PER CURIAM.

Micheal Gruenberg appeals from the district court's [1] order correcting his illegal sentence. We affirm.

Gruenberg was found guilty of multiple counts of wire fraud, interstate transportation of funds received by fraud, and securities fraud. The district court sentenced him to concurrent five-year terms on all the wire-fraud and interstate-transportation counts, and concurrent ten-year terms on all the securities-fraud counts, to be served concurrently with the five-year terms. We affirmed on direct appeal. *United States v. Gruenberg*, 989 F.2d 971, 972 (8th Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 204, 126 L.Ed.2d 161 (1993). Gruenberg then filed this Federal Rule of Criminal Procedure 35(a) motion to correct his illegal sentence,[2] arguing that the maximum sentence on each securities-fraud count was five years pursuant to 15 U.S.C. § 78ff, but that correction could only occur by eliminating the excess portion of the sentence. The district court granted the motion, imposing on each securities-fraud count a five-year prison term to run consecutively to the unchallenged five-year sentence on the other counts. The court stated its original intention had been to sentence Gruenberg to ten years, and it continued to believe that ten years was the appropriate total sentence.

We review for abuse of discretion the district court's decision on a Rule 35 motion. *United States v. Kadota*, 757 F.2d 198, 199 (8th Cir.), *cert. denied*, 474 U.S. 839, 106 S.Ct. 120, 88 L.Ed.2d 98 (1985).

We reject Gruenberg's arguments that the district court violated the Double Jeopardy Clause and abused its discretion in correcting his sentence. In the absence of controlling Eighth Circuit precedent, we conclude that, when the district court corrects an illegal concurrent sentence under Rule 35, the court may order the corrected sentence to run consecutively to legal sentences on other counts, at least where—as here—the net term of imprisonment originally imposed is not lengthened. *See United States v. Jackson*, 923 F.2d 1494, 1498–99 & n. 6 (11th Cir.1991); *United States v. Bentley*, 850 F.2d 327, 328–29 (7th Cir.), *cert. denied*, 488 U.S. 970, 109 S.Ct. 501, 102 L.Ed.2d 537 (1988); *United States v. Lopez*, 706 F.2d 108, 109–10 (2d Cir.1983) (per curiam).

The district court did not err in correcting Gruenberg's sentence without his presence in court. *See Rust v. United States*, 725 F.2d 1153, 1154 (8th Cir.1984) (per curiam) (where correction did not make sentence more onerous, defendant's presence not required). Nor did the district court violate 18 U.S.C. § 3568, which does not affect the court's authority under Rule 35.

Accordingly, we affirm.

---

1. The Honorable Diana E. Murphy, then United States District Judge for the District of Minnesota, now United States Circuit Judge.

2. Former Rule 35(a), applicable to offenses—such as Gruenberg's—committed prior to November 1, 1987, provides for the correction of an illegal sentence at any time. *See United States v. Woods*, 973 F.2d 677, 678 (8th Cir.1992).