67 F.3d 303
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Mack Roland GIBSON, Appellant.
 No. 94-3877
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Sept. 12, 1995
Filed: Sept. 20, 1995
 
 Before FAGG, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Mack Roland Gibson appeals from the district court's[1] denial of his motion to vacate and correct his sentence under Federal Rule of Criminal Procedure 35(a). We affirm.
 
 
 2
 Gibson was convicted for heroin distribution in violation of 21 U.S.C. Secs. 841(a)(1) and 841(b)(1)(A). He filed a motion to vacate and correct his sentence under Rule 35(a),[2] arguing that the sentencing court illegally imposed special parole because at the time of his indictment, conviction, and sentencing, section 841(b)(1)(A) no longer provided for such a penalty. The district court denied Gibson's motion, concluding that when Gibson committed his crime, the special parole term was part of the sentencing law. The court also noted that even if the law in effect at the time of sentencing applied, Gibson would still be subject to special parole under the new section 841(b)(1)(B).
 
 
 3
 We review the district court's denial of Gibson's Rule 35 motion for abuse of discretion. See United States v. Gruenberg, 53 F.3d 214, 215 (8th Cir.1995) (per curiam). Although Gibson is correct that after October 1984, section 841(b)(1)(A) no longer provided for a special parole term, the penalty applicable to Gibson under the amended version of section 841(b) was not subsection (b)(1)(A), but former subsection (b)(1)(A) redesignated as subsection (b)(1)(B). See United States v. McDaniel, 844 F.2d 535, 536 (8th Cir.1988). The new subsection (b)(1)(A) imposed increased penalties for large-scale drug offenses, specifically those involving 100 grams or more of heroin, but it did not include a special parole term; small-scale drug offenses under the new subsection (b)(1)(B) retained the special parole term. Id.; Gozlon-Peretz v. United States, 498 U.S. 395, 400 & n.3 (1991). As the district court correctly noted, Gibson was a small-scale offender, charged with distributing one and one-half grams of heroin. Consequently, even if the law in effect at the time of sentencing applied, the imposition of special parole was proper under the amended version of section 841(b)(1)(B).
 
 
 4
 Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE HAROLD D. VIETOR, United States District Judge for the Southern District of Iowa
 
 
 [2]
 Fed. R. Crim. P. 35(a), as applicable to offenses committed prior to November 1, 1987, provides for the correction of an illegal sentence at any time. United States v. Woods, 973 F.2d 677, 678 (8th Cir.1992)