USCA1 Opinion

 

 September 3, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1237 DANIEL JOSEPH MARAVILLA, Plaintiff, Appellant, v. UNITED STATES OF AMERICA, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Hector M. Laffitte, U.S. District Judge] ___________________ ____________________ Before Selya, Cyr and Boudin, Circuit Judges. ______________ ____________________ Daniel Joseph Maravilla on brief pro se. _______________________ Deval L. Patrick, Assistant Attorney General, David K. Flynn, _________________ ________________ Attorney, Department of Justice, and Marie K. McElderry, Attorney, ___________________ Department of Justice, on brief for appellee. ____________________ ____________________ Per Curiam. Daniel Joseph Maravilla appeals the denial __________ of his motion filed pursuant to 28 U.S.C. 2255. Although he raised numerous issues in that motion, he has confined his appeal to his claim that the government's failure to disclose two FBI-302 reports violated its obligation under Brady v. _____ Maryland, 373 U.S. 83 (1963), and its progeny. We deem the ________ remaining issues raised in the 2255 motion waived. We have carefully reviewed the parties' briefs and the record on appeal as to the Brady issue. We affirm _____ essentially for the reasons stated in the district court's opinion. Maravilla v. United States, 901 F. Supp. 62, 64-66 _________ _____________ (D.P.R. 1995). We add only the following. Contrary to Maravilla's contention, the district court neither applied the wrong legal standard nor abused its discretion in its ruling. And, insofar as Maravilla suggests that an erroneous application of law or abuse of discretion is grounds for sua sponte recusal, he is incorrect. Contentions that the district court erred or abused its discretion in its ruling are routine grounds for appeal, not recusal. See Liteky v. United States, 114 S. Ct. 1147, 1157 ___ ______ _____________ (1994). Affirmed. _________ -3-