[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

———

No. 00-2241

UNITED STATES,

Appellee,

v.

DANIEL JOSEPH MARAVILLA,

Defendant, Appellant.

———

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Héctor M. Laffitte, U.S. District Judge]

———

Before

Selya, Circuit Judge,
Campbell, Senior Circuit Judge,
and Stahl, Circuit Judge.

———

Daniel J. Maravilla on brief pro se.
Guillermo Gil, United States Attorney, Jorge E. Vega-Pacheco, Assistant United States Attorney, and Nelson Pérez-Sosa, Assistant United States Attorney, on brief for appellee.

———

April 6, 2001

———

**Per Curiam**.  Daniel Joseph Maravilla has appealed from the district court's denial of his motion to correct his sentence pursuant to former Fed. R. Crim. P. 35(a).[1]  We affirm.

I.

On September 10, 1982, Maravilla, a United States customs officer, along with Rafael Dominguez, a fellow customs officer, kidnaped and murdered a money courier, who had arrived in San Juan from the Dominican Republic. Maravilla and Dominguez stole the approximately $700,000 in cash and checks that the courier had intended to deposit in a San Juan bank.  As of September 10, Maravilla and Dominguez had less than $100 each in bank accounts.  Their salaries amounted to $34,000 and $37,000 per year respectively.  However, on the evening of September 10, they purchased, with cash, first class plane tickets and flew to Miami, carrying a briefcase containing $265,000 in cash.

---

[1]Maravilla was convicted in 1987 for an offense committed in 1982.  Therefore, former Rule 35(a) applicable to offenses committed prior to November 1, 1987 pertains.  That rule provided:

> The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.

They paid a friend $12,000 to take $220,000 of the cash to Panama and deposit it in numbered, unnamed bank accounts. In the weeks following, they made additional generous bank deposits, made unusually expensive purchases and gave generous gifts. In February 1983, Maravilla flew to Colombia with $53,700 in cash. When stopped, he claimed not to know that he was supposed to declare cash, despite the fact that Maravilla's own customs job involved interviewing persons who made declarations of cash. He later told three different false stories about the origins of this cash.

Eventually, Maravilla was arrested, tried, and convicted of depriving an inhabitant of the United States of his civil rights (in violation of 18 U.S.C. § 242), robbery (in violation of 18 U.S.C. § 1951(a)), transporting in interstate commerce more than $5,000 knowing it to have been stolen (in violation of 18 U.S.C. § 2314), concealing or disposing of more than $5,000 which has moved in or is a part of interstate or foreign commerce, knowing it to have been stolen (in violation of 18 U.S.C. § 2315), lying to the FBI (in violation of 18 U.S.C. § 1001), and obstruction of justice (in violation of 18 U.S.C. § 1503).

On direct appeal, this court reversed Maravilla's § 242 conviction, the victim not being an inhabitant of the

United States.  United States v. Maravilla, 907 F.2d 216 (1st Cir. 1990).  On remand, the district court restructured the sentences on the remaining convictions to run consecutively, rather than concurrently.  Maravilla appealed from his resentencing, arguing that the restructuring was unconstitutionally vindictive.  We rejected that argument and affirmed the sentences.  United States v. Dominquez, 951 F.2d 412 (1st Cir. 1991), cert. denied, 504 U.S. 917 (1992).

Maravilla then began a series of pro se attacks on his convictions and sentences.  He filed a motion for a new trial, pursuant to Fed. R. Crim. P. 33.  The district court denied the new trial motion (a decision that we affirmed on appeal).  United States v. Maravilla, 7 F.3d 219 (1st Cir. 1993) (per curiam) (TABLE), cert. denied, 512 U.S. 1219 (1994).  Thereafter, Maravilla moved to vacate his sentence, pursuant to 28 U.S.C. § 2255.  The district court denied the § 2255 motion.  Maravilla v. United States, 901 F. Supp. 62 (D. P.R. 1995).  We affirmed.  Maravilla v. United States, 95 F.3d 1146 (1st Cir. 1996) (per curiam) (TABLE), cert. denied, 520 U.S. 1202 (1997).  Next, Maravilla filed two applications in this court, seeking leave to file a second or successive § 2255 motion in the district court.  We denied both applications.  Maravilla v. United States, No.

-4-

98-8014 (1st Cir. Jun. 19, 1998); Maravilla v. United States, No. 98-8021 (1st Cir. Sept. 8, 1998).

Then, Maravilla filed a habeas petition, pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Florida. That habeas petition was dismissed. Maravilla v. Parks, No. 99-108-Civ-Oc-10C (M.D. Fla. Apr. 27, 1999). Maravilla resubmitted his habeas petition, but that petition was denied, as an impermissible attempt to circumvent the requirements imposed on second or successive § 2255 motions by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Maravilla v. Parks, No. 99-231-Civ-Oc-10C (M.D. Fla. Aug. 20, 1999). The Eleventh Circuit Court of Appeals affirmed this ruling. Maravilla v. Parks, 220 F.3d 592 (11th Cir. 2000) (TABLE).

Most recently, Maravilla filed a motion, pursuant to former Criminal Rule 35(a), in the United States District Court for the District of Puerto Rico. He argued that the robbery, transporting stolen money, and concealing or disposing of stolen money counts were multiplicitous and could not constitutionally support consecutive sentences under the Double Jeopardy Clause. He also contended that his conviction and sentence for lying to the FBI in violation of 18 U.S.C. § 1001 must be vacated in light of

United States v. Gaudin, 515 U.S. 506 (1995), because the element of materiality had been determined by the trial judge, not the jury.  As noted at the outset, the district court denied the Rule 35(a) motion and Maravilla appealed.

II.

As a threshold matter, Maravilla argues that former Rule 35(a), which authorized the district courts to correct an illegal sentence "at any time," see supra note 1, effectively permits him to avoid any time bar or the requirements that AEDPA imposes on second or successive § 2255 motions.  If applicable, former Rule 35(a) might arguably also permit Maravilla to avoid the procedural default rules that pertain to a § 2255 motion, notwithstanding Maravilla's failure previously to raise his current claims in a timely fashion either on direct appeal or in his first § 2255 motion.[2]  See Callanan v. United

---

[2]Maravilla's current claim that his consecutive sentences for his § 1951(a), § 2314, and § 2315 convictions are unconstitutional under the Double Jeopardy Clause is similar, but not identical, to his claim on appeal after resentencing that the restructured consecutive sentences were unconstitutionally vindictive. See United States v. Dominguez, 951 F.2d at 414-18.  Both claims that Maravilla raised in his motion under former Rule 35(a) motion were first raised in his application for leave to file a second or successive § 2255 motion, which we rejected on the ground that the issues did not satisfy the statutory requirements for the requested authorization.  Maravilla v. United States, No. 98-8014 (1st Cir. Jun. 19, 1998).  Maravilla then sought to raise his current double jeopardy claim in the habeas petition filed in the

-6-

<u>States</u>, 364 U.S. 587, 589 n.3 (1961) ("Rule 35 is available to correct an illegal sentence when the claim is based on the face of the indictment even if such claim had not been raised on direct appeal"); <u>United States</u> v. <u>Landrum</u>, 93 F.3d 122, 125 (4th Cir. 1996) (reciting that the procedural default rules applicable to § 2255 motions do not pertain to motions brought under former Rule 35(a)).

With respect to his conviction for lying to the FBI in violation of 18 U.S.C. § 1001, former Rule 35(a) is of no aid to Maravilla. "Former Rule 35(a) is limited to the correction of an illegal *sentence*; it does not cover arguments that the conviction is itself improper, for such arguments must be raised under § 2255." <u>United States</u> v. <u>Canino</u>, 212 F.3d 383, 384 (7th Cir. 2000). Notwithstanding his attempt to focus on the 5 year consecutive sentence imposed, Maravilla's objection is that his *conviction* under § 1001 is improper under <u>Gaudin</u>. The district court, therefore, correctly denied Maravilla's Rule 35(a) motion with respect to the <u>Gaudin</u>-based claim.

To the extent that Maravilla seeks to vacate his §§ 2314 and 2315 convictions, former Rule 35(a) is

---

federal district court in Florida. <u>See</u> <u>Maravilla</u> v. <u>Parks</u>, No. 99-231-Civ-Oc-10C (M.D. Fla. Aug. 20, 1999).

-7-

unavailable, for the reasons already addressed. Maravilla's filing has some flavor that what he is saying is that he cannot be constitutionally *convicted* both of robbery under the Hobbs Act (§ 1951) and either transporting the stolen money (§ 2314) and/or concealing or disposing of that stolen money (§ 2315). However, Maravilla's filing could also be read to include a claim that, apart from whether he could be *convicted* under both § 1951 and § 2314 or § 2315, constitutionally he cannot be *sentenced* and, in the particulars of this case, sentenced to consecutive terms, under both § 1951 and § 2314 or § 2315. In other words, the §§ 2314 and 2315 convictions could stand but each 10 year consecutive term of imprisonment for the §§ 2314 and 2315 convictions must be vacated, leaving only the 20 year term of imprisonment for the robbery conviction. This latter type of contention conceivably could be an appropriate basis for review under former Rule 35(a). See Hill v. United States, 368 U.S. 424, 430 (1962) (remarking that the imposition of multiple terms for the same offense could constitute an illegal sentence under former Rule 35(a)).

III.

Assuming without deciding, that Maravilla may appropriately raise this double jeopardy claim in a motion under former Rule 35(a) and is not barred from doing so now, it is nevertheless clear that the claim has no merit. We need not decide whether our review is de novo or for an abuse of discretion. Compare United States v. Gruenberg, 53 F.3d 214, 215 (8th Cir. 1995) (per curiam) (abuse of discretion) with United States v. Thompson, 979 F.2d 743, 744 (9th Cir. 1992) (de novo). There was neither an abuse of discretion nor an error of law in the district court's denial of Maravilla's Rule 35(a) motion.

Maravilla has offered no authority to support his contention that the offenses of interstate transportation and concealment/disposing of stolen money merge into the offense of the interference with commerce by robbery, so as to bar the imposition of consecutive sentences for these offenses. Maravilla points to cases that hold that one cannot be separately punished for stealing property and receiving that same stolen property. See, e.g., Heflin v. United States, 358 U.S. 415, 419-20 (1959) (finding no congressional intent to punish multiple aspects of the same criminal act). But, Maravilla was not convicted of stealing

and receiving the same stolen money. Although he characterizes his conduct as a single, if extended, criminal act -- he views his criminal conduct as simply the theft of money moving in interstate commerce -- he clearly committed several discrete criminal acts.

Maravilla was convicted of robbing the money courier (§ 1951), transporting that stolen money in interstate or foreign commerce (§ 2314) and concealing or disposing of money that had moved in or was a part of interstate or foreign commerce, knowing that money to have been stolen (§ 2315). Certainly, these statutes pass the Blockburger test. Each offense requires proof of a fact which the other does not. Blockburger v. United States, 284 U.S. 299, 304 (1932).

As interfaced with the facts of this case: Section 1951 requires proof of the obstruction of the movement of the courier's cash and checks in commerce, by robbery.[3] It

_____

[3]Sections 1951(a) and (b), in the version current in 1981, provided, in pertinent part:

> (a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery ... shall be fined not more than $10,000 or imprisoned not more than twenty years, or both.
>
> (b) As used in this section–

does not require proof that Maravilla also either transported the money in interstate commerce or concealed/disposed of stolen money that had moved in or was part of interstate or foreign commerce. Section 2314 requires proof that Maravilla had transported the stolen money in interstate or foreign commerce, knowing the money to have been stolen.[4] It does not require that Maravilla, himself, steal the money or that he conceal/dispose of the money that had moved in or was part of interstate or foreign commerce. And, although Maravilla did, in fact, himself, commit the robbery, he did more in "transporting" the stolen money in interstate commerce than simply, as he would have it, remove it from the courier's possession and carry it away from the crime scene. Section 2315 requires proof that Maravilla concealed or disposed of the money that had moved

<hr>

> (1) The term "robbery" means the unlawful taking or obtaining of personal property from the person ... against his will, by means of ... violence....

[4]Section 2314, in the version current in 1981, provided, in pertinent part:

> Whoever transports in interstate or foreign commerce any ... securities or money, of the value of $5,000 or more, knowing the same to have been stolen ...
>
> Shall be fined not more than $10,000 or imprisoned not more than ten years, or both.

in or was part of interstate or foreign commerce, knowing it to have been stolen.[5]  While it does not require that Maravilla, himself, steal the money or transport it in interstate commerce, Maravilla, did, in fact, steal the money and transport it in interstate commerce, and he did more than simply remove the money from the courier's possession and transport it in interstate commerce.

The facts of this case evidence discrete criminal acts that support separate convictions *and* sentences. Maravilla robbed the money courier (in violation of § 1951); later that evening, he transported $265,000 of the stolen cash from San Juan to Miami (in violation of § 2314) and there paid a friend $12,000 to conceal/dispose of $220,000 of the stolen cash in numbered, unnamed bank accounts in Panama (in violation of § 2315).

---

[5]Section 2315, in the version current in 1981, provided, in pertinent part:

> Whoever ... conceals ... or disposes of any ... securities, or money of the value of $5,000 or more, ... moving as, or which are a part of, or which constitute interstate or foreign commerce, knowing the same to have been stolen...

> Shall be fined not more than $10,000 or imprisoned not more than ten years, or both.

Contrary to Maravilla's contention, transporting in interstate commerce stolen money and concealing/disposing of stolen money that has moved in or is part of interstate or foreign commerce are not lesser included offenses of robbery under the Hobbs Act. There was no double jeopardy violation in the district court's imposition of consecutive sentences for these convictions.

The district court's denial of the motion filed under former Rule 35(a) is <u>affirmed</u>.