# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3009

_____

United States of America,      *
         *
    Appellee,     *
         *    Appeal from the United States
    v.         *    District Court for the
         *    District of North Dakota
Yorie Von Kahl,     *
         *     [UNPUBLISHED]
    Appellant.     *

_____

Submitted: April 1, 2004

Filed: April 26, 2004

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Yorie Von Kahl (Kahl) appeals from the final judgment entered in the United States District Court[1] for the District of North Dakota denying his motion to correct an illegal sentence. Kahl, who was sentenced to life imprisonment in 1983 for his role in a shootout that resulted in the deaths of two United States Marshals, brought this motion pursuant to a former, pre-1987 version of Fed. R. Crim. P. 35(a) (court

_____

[1]The Honorable Ralph R. Erickson, United States District Judge for the District of North Dakota.

may correct illegal sentence at any time). As the district court determined, Kahl's arguments in support of the motion did not relate to the legality of his sentence and, in any event, were meritless. See Hill v. United States, 368 U.S. 424, 430 (1962) (narrow function of Rule 35 is to permit correction of illegal sentence; sentence is not illegal if it did not exceed that prescribed by relevant statutes, multiple prison terms were not imposed for same offense, and terms of sentence itself were not legally or constitutionally invalid); United States v. Woods, 973 F.2d 677, 678 (8th Cir. 1992) (sentence within statutory maximum is not illegal sentence). Contrary to Kahl's contention, federal jurisdiction supporting the jury verdicts was established, and his convictions and sentences for second-degree murder were authorized by 18 U.S.C. § 1111 (maximum sentence of life) and § 1114 (conferring federal jurisdiction to punish those who kill United States employees engaged in performance of official duties). Accordingly, we affirm. See 8th Cir. R. 47B.

_____