25 F.3d 1042
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Lino H. HAYNES, a/k/a Loni Haynes, a/k/a Nino, Defendant-Appellant.
 No. 93-6784.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 26, 1994.
Decided: June 14, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. J. Calvitt Clarke, Jr., Senior District Judge. (CR-90-105-N, CA-93-113-N)
 Lino H. Haynes, appellant pro se.
 Laura Marie Everhart, Asst. U.S. Atty., Norfolk, VA, for appellee.
 E.D.Va.
 AFFIRMED.
 Before HALL, MURNAGHAN, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Lino H. Haynes was convicted after a trial by jury on one count of engaging in a drug conspiracy in violation of 21 U.S.C. Sec. 846 (1988) (Count 1), one count of engaging in a continuing criminal enterprise ("CCE") in violation of 21 U.S.C. Sec. 848 (1988) (Count 2), multiple counts of distribution of cocaine and possession of cocaine with intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1) (1988) (Counts 3, 22, 30, 31, 33, 46, 48), two counts of attempt to possess cocaine with the intent to distribute in violation of 21 U.S.C.Secs. 841 and 846 (Counts 5, 52), one count of interstate travel in furtherance of his drug distribution efforts in violation of 18 U.S.C. Sec. 1952(a)(3) (1988) (Count 43), and one count of money laundering in violation of 18 U.S.C. Secs. 1956(a)(1)(A)(i) and (a)(2) (1988) (Count 49). He received a life sentence for conspiracy, and varying concurrent terms of imprisonment for the predicate offenses, pursuant to the federal sentencing guidelines.[1] No sentence was imposed for the CCE conviction. This Court affirmed his conviction and sentence and those of several coconspirators on direct appeal. United States v. Gayle, No. 91-5788(L) (4th Cir. Sept. 2, 1992) (unpublished), cert. denied, 61 U.S.L.W. 3582, 3583 (U.S.1993).
 
 
 2
 Haynes then filed the present motion under 28 U.S.C.Sec. 2255 (1988), challenging his convictions for both conspiracy and CCE on double jeopardy grounds. The district court agreed with Haynes's contention that dual convictions for these charges violated double jeopardy even where dual sentences had not been imposed. The court thus vacated the CCE conviction. Haynes now appeals, asserting that the district court should have vacated the conspiracy conviction. Having reviewed this issue de novo, United States v. McConney, 728 F.2d 1195, 1201 (9th Cir.) (in banc), cert. denied, 469 U.S. 824 (1984), we affirm.
 
 
 3
 Allowing the convictions for both conspiracy and CCE to stand clearly would have violated the Double Jeopardy Clause, in light of the identity of the underlying drug offenses, even though no sentence was imposed on the CCE conviction. See Ball v. United States, 470 U.S. 856, 864-65 (1985); Jeffers v. United States, 432 U.S. 137, 150 (1977). Although the usual remedy in cases such as this is to vacate the conspiracy conviction and to allow the CCE conviction to stand, e.g., United States v. Butler, 885 F.2d 195, 202 (4th Cir.1989), we are aware of no authority which requires this result. The issue has seldom been addressed, but at least one other circuit takes the position that the district court has discretion to select either conviction as the one to be vacated. United States v. Chambers, 944 F.2d 1253, 1268-69 (6th Cir.1991), cert. denied, 60 U.S.L.W. 3580 (U.S.1992). We conclude that such an approach is particularly appropriate here, because--contrary to Haynes's contentions--the applicable sentencing range for the CCE conviction would have been identical to that which was applied to the conspiracy conviction.[2]
 
 
 4
 We therefore affirm the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual (Nov.1989)
 
 
 [2]
 Approximately 258 kilograms of cocaine were attributed to Haynes for purposes of selecting a base offense level under the guidelines for the conspiracy conviction. This quantity of cocaine, in addition to a four-point enhancement for Haynes's leadership role, resulted in an adjusted offense level of 42. U.S.S.G. Secs. 2D1.1, 3B1.1. This adjusted offense level, combined with Haynes's criminal history category of I, resulted in a guideline range of 360 months to life imprisonment. U.S.S.G. Sec. 5, Sentencing Table. Under guideline section 2D1.5(a)(1), applicable to CCE convictions, Haynes's offense level would also have been 42, placing him at the same point on the Sentencing Table