UNITED STATES of America,
Plaintiff–Appellee,

v.

Richard Eugene LANDRUM,
Defendant–Appellant.

No. 95–6043.

United States Court of Appeals,
Fourth Circuit.

Argued May 7, 1996.

Decided Aug. 16, 1996.

---

**ARGUED:** Anthony David Bornstein, Appellate Advocacy Clinic, The American University Washington College of Law, Washington, D.C., for Appellant. John Granville

Douglass, Assistant United States Attorney, Richmond, Virginia, for Appellee. **ON BRIEF:** Helen F. Fahey, United States Attorney, G. Wingate Grant, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Before NIEMEYER and WILLIAMS, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

Judge NIEMEYER wrote the opinion, in which Judge WILLIAMS and Senior Judge PHILLIPS joined.

## OPINION

NIEMEYER, Circuit Judge:

Richard E. Landrum appeals the denial of his motion, filed under 28 U.S.C. § 2255, challenging the restitution element of his September 1987 criminal sentence. He argues that because his offenses of conviction did not result in any bodily injury, the sentencing court exceeded its authority under the Victim Witness Protection Act of 1982, 18 U.S.C. §§ 3663–64, in ordering him to reimburse his ex-wife and her insurer for the costs of her psychological counseling. To reach the merits of Landrum's motion, we construe it as one brought under former Rule 35(a) of the Federal Rules of Criminal Procedure and conclude that the district court's restitution order was authorized by the former Federal Probation Act of 1925, 18 U.S.C. §§ 3651–56. Accordingly, we affirm.

## I

A jury convicted Landrum in June 1987 of (1) making and possessing an unregistered bomb, in violation of 26 U.S.C. §§ 5861(c), (d), (f), 5871, and (2) intercepting and disclosing the contents of wire communications, in violation of 18 U.S.C. § 2511(1)(a), (c). The conduct for which Landrum was convicted occurred during 1985 and 1986. Landrum was sentenced on September 17, 1987, and, as part of his sentence, the district court ordered him to pay restitution to several of his victims, including $1,432 to his ex-wife, Linda Landrum, and $5,483 to her insurer, Blue Cross/Blue Shield of Virginia, for the

costs of Ms. Landrum's psychological counseling.

Landrum subsequently appealed his conviction, but raised no objection to his sentence, and we affirmed. *See United States v. Landrum,* 865 F.2d 255 (4th Cir.1988) (unpublished) (per curiam). Landrum has since fully reimbursed his ex-wife and has paid $1,194 to Blue Cross/Blue Shield.

In July 1994, Landrum filed a *pro se* motion "under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody," seeking to eliminate any restitution for psychological counseling. In his supporting memorandum, Landrum argued that to the extent that the district court had required him to reimburse Ms. Landrum and Blue Cross/Blue Shield for Ms. Landrum's psychological counseling, its restitution order was illegal because his criminal conduct had not caused Ms. Landrum any bodily injury. Landrum also filed a motion for a temporary injunction, asking the court to refund the $164.64 in restitution that he claimed to have already overpaid and to halt further payments.

The district court denied both of Landrum's motions, concluding that his challenge to the sentencing court's restitution order was not a proper basis for a § 2255 motion to vacate his sentence. Landrum appeals the denial of "his motion seeking relief under 28 U.S.C. § 2255."

## II

Before reaching the merits of Landrum's challenge to his sentence, we must determine both our own jurisdiction and the district court's jurisdiction to consider his motion. Because Landrum failed to challenge the restitution order at his sentencing or on direct appeal, the government argues that Landrum's § 2255 motion is procedurally defaulted. A claim raised for the first time in a § 2255 motion generally is not cognizable in federal court unless the petitioner demonstrates "both (1) 'cause' excusing his ... procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *United States v. Frady,* 456

U.S. 152, 167–68, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982).

■ While Landrum's challenge to his sentence might be foreclosed by the procedural default rules applicable to § 2255 motions, such rules do not pertain to motions brought under former Federal Rule of Criminal Procedure 35(a), *amended by* Pub.L. No. 98–473, tit. II, § 215(b), 98 Stat.2015–16 (1984). Former Rule 35(a), which authorized a court to "correct an illegal sentence at any time," imposed no procedural default hurdle because "a Rule 35 motion [was] a motion made in the original case . . . a[s] part of the appellate process from [the] original conviction rather than a collateral attack on [the] sentence." *United States v. Shillingford,* 586 F.2d 372, 375 (5th Cir.1978); *see also Callanan v. United States,* 364 U.S. 587, 589 n. 3, 81 S.Ct. 321, 322 n. 3, 5 L.Ed.2d 312 (1961) (citing *Heflin v. United States,* 358 U.S. 415, 418, 422, 79 S.Ct. 451, 453, 455, 3 L.Ed.2d 407 (1959)); *United States v. Pavlico,* 961 F.2d 440, 443 (4th Cir.), *cert. denied,* 506 U.S. 848, 113 S.Ct. 144, 121 L.Ed.2d 96 (1992); 3 Charles A. Wright, *Federal Practice and Procedure* § 584, at 395 (2d ed.1982).

■ Former Rule 35(a) was, moreover, available to Landrum when he filed his motion challenging the district court's restitution order. The rule applied to all sentences imposed for offenses committed before November 1, 1987, *see* Pub.L. No. 99–217, 99 Stat. 1728 (1985); *United States v. Guardino,* 972 F.2d 682, 685 (6th Cir.1992), and Landrum committed his offenses of conviction in 1985 and 1986. And because former Rule 35(a) authorized challenges to sentences that exceeded statutorily-imposed limits, challenges to the legality of restitution orders were cognizable under the rule. *See, e.g., Guardino,* 972 F.2d at 685–88; *United States v. Kress,* 944 F.2d 155, 158 n. 4 (3d Cir.1991), *cert. denied,* 502 U.S. 1092, 112 S.Ct. 1163, 117 L.Ed.2d 410 (1992).

■ While Landrum's motion incontrovertibly challenges the legality of his sentence, it relies on 28 U.S.C. § 2255. To reach the merits of Landrum's challenge, therefore, we will treat his motion as if it had been brought under former Rule 35(a). *See Hill v. United States,* 368 U.S. 424, 430, 82 S.Ct. 468, 472, 7 L.Ed.2d 417 (1962); *Heflin,* 358 U.S. at 418, 79 S.Ct. at 453. Accordingly, the district court had jurisdiction to consider Landrum's motion and we have jurisdiction to review on the merits that court's denial of relief.

## III

In his motion to correct his sentence, Landrum contends that the district court illegally ordered him to pay restitution to both Ms. Landrum and Blue Cross/Blue Shield for the costs of Ms. Landrum's psychological counseling. Landrum argues that the district court exceeded its authority under the Victim Witness Protection Act of 1982 ("VWPA"), 18 U.S.C. §§ 3663–64, because it is undisputed that Ms. Landrum did not sustain any bodily injury as a result of his offenses of conviction. The VWPA provides that a restitution order "may require" the defendant *"in the case of an offense resulting in bodily injury to a victim"* to pay as restitution the costs of "related professional services and devices relating to physical, psychiatric, and psychological care." 18 U.S.C. § 3663(b)(2)(A) (emphasis added). Relying on *Hughey v. United States,* 495 U.S. 411, 418, 110 S.Ct. 1979, 1983–84, 109 L.Ed.2d 408 (1990), and *United States v. Hicks,* 997 F.2d 594, 601 (9th Cir.1993), Landrum maintains that a court has no inherent power to order restitution and that 18 U.S.C. § 3663 defines the boundaries of a court's power to order restitution for the losses specified therein. Landrum further notes that the court in *Hicks* rejected the government's argument—also made here—that while § 3663 authorizes a restitution order for the costs of psychological care related to bodily injury, it does not provide an "exclusive catalog." *Id.* at 600.

Landrum's argument assumes, however, that the sentencing court predicated its restitution order on the VWPA. Although the court unfortunately failed to specify its statutory authority for ordering Landrum to pay restitution, *see United States v. Stuver,* 845 F.2d 73, 75 (4th Cir.1988) ("admonishing sentencing judges to specify in the record the precise statute under which they act in imposing restitution" to ensure "effective appel-

late review of restitution orders"), both the VWPA and the former Federal Probation Act of 1925 ("FPA"), 18 U.S.C. §§ 3651–56, were available to the court in sentencing Landrum. The FPA's repeal did not become effective until November 1, 1987, well after Landrum committed his offenses of conviction. *See* Pub.L. No. 98–473, tit. II, § 212(a)(2), 98 Stat.1987 (1984); Pub.L. No. 99–217, 99 Stat. 1728 (1985); *see also Stuver*, 845 F.2d at 75.

■■■■ The FPA provided that "the defendant ... [m]ay be required to make restitution or reparation to aggrieved parties for actual damages or loss caused by the offense for which conviction was had." 18 U.S.C. § 3651. The FPA did not require bodily injury as a prerequisite for ordering restitution for the costs of psychological care. *See United States v. McMichael*, 699 F.2d 193, 195 (4th Cir.1983). And Landrum has never suggested that Ms. Landrum's psychological damages are unrelated to his offenses of conviction. Because there can be no doubt that the FPA would have authorized the district court's restitution order, we presume that the court was acting under that available statutory authority. *See United States v. Rice*, 38 F.3d 1536, 1540 (9th Cir.1994) ("[A] restitution award is legal if either the Federal Probation Act ... or the Victim Witness Protection Act ... authorizes it"); *cf. Stuver*, 845 F.2d at 75 (remanding for resentencing where restitution order failed to specify precise statutory authority and was invalid under both VWPA and former FPA).

■■■ Relying on several federal circuit court decisions, Landrum argues that we should assume that the district court was acting under the VWPA because the "general rule" is that where a district court does not specify whether the FPA or VWPA authorized its restitution order, the VWPA controls. *See United States v. Chaney*, 964 F.2d 437, 451 (5th Cir.1992); *United States v. Cook*, 952 F.2d 1262, 1264 (10th Cir.1991); *United States v. Kress*, 944 F.2d 155, 158 (3d Cir.1991), *cert. denied*, 502 U.S. 1092, 112 S.Ct. 1163, 117 L.Ed.2d 410 (1992); *United States v. Padgett*, 892 F.2d 445, 448 (6th Cir.1989) (per curiam). But because the major premise underlying all of the cases upon which Landrum relies—that the VWPA is broader than the FPA—does not apply to the circumstances of this case, we find those decisions inapposite. Moreover, where two statutes support a criminal sentence, a defendant cannot demonstrate the sentence's illegality by challenging the applicability of only one of the statutes.

Accordingly, we affirm the district court's order denying Landrum's motion to correct his sentence. In light of our disposition of this case, we need not resolve the parties' dispute over the correct interpretation of the VWPA.

*AFFIRMED.*