Roland BRASWELL, Petitioner,

v.

UNITED STATES of America, Respondent.

Nos. 5:96–CV–847–BO, 92–101–01–CR–5–BO.

United States District Court, E.D. North Carolina, Western Division.

May 7, 1997.

Roland C. Braswell, Petersburg, VA, pro se.

Fenita T. Morris, Asst. U.S. Atty., Raleigh, NC, for respondent.

## ORDER

TERRENCE WILLIAM BOYLE, District Judge.

This matter comes before the Court on Petitioner's motion to set aside, vacate, or correct his sentence pursuant to 28 U.S.C. § 2255, or, in the alternative, for a Writ of Error Corum Nobis. For the reasons discussed below, Petitioner's motion is denied.

### I. Statement of the Case

Petitioner was the sole defendant named in a 16–count indictment returned by an Eastern District of North Carolina Grand Jury on September 14, 1992. The charges in the indictment were as follows:

| Count | Charge | Statute |
|---|---|---|
| 1 | *Klein* Conspiracy | 18 U.S.C. § 371 |
| 2–7 | Failure to File Tax Return | 26 U.S.C. § 7203 |
| 8–15 | Perjury Before the Gr. Jury | 18 U.S.C. § 1623 |
| 16 | Aiding and Abetting a False Tax Return | 26 U.S.C. § 7206 |

On March 23, 1993, a jury trial commenced on all counts in the indictment. On March 29, 1993, during the trial, the defendant pled guilty to Counts 2 through 7. When the government finished presenting its evidence, the defendant moved to dismiss Counts 9 through 14 as duplicative. This Court granted the motion and the government did not appeal this Court's ruling. On April 7, 1993, the defendant was found guilty on Counts 1, 8, and 15, and not guilty on Count 16. On August 5, 1993, the defendant moved for judgment of acquittal on Counts 8 and 15. This Court granted the motion and dismissed the two counts. On August 26, 1993, this Court sentenced defendant to a term of 27 months on Count 1, and 12 months on Counts 2 through 7 to run concurrently.

On August 30, 1993, the government appealed this Court's dismissal of Counts 8 and 15. The defendant also filed a notice of appeal on October 1, 1993. On February 8, 1995, the Fourth Circuit affirmed the defendant's conviction for conspiracy, reversed the dismissal of the two perjury counts, and remanded for further findings as to whether the conspiracy continued beyond the effective date of the Sentencing Guidelines.

On April 10, 1995, this Court resentenced defendant consistent with the Fourth Circuit's instructions. Having determined that the conspiracy for which defendant was convicted had continued beyond the effective date of the sentencing guidelines, this Court once again sentenced defendant to a term of 27 months on Count 1. As to the two perjury counts, Counts 8 and 15, this Court also sentenced defendant to a term of 27 months, to run concurrently with the sentence on Count 1.

On April 19, 1995, the defendant filed a timely notice of appeal. On June 19, 1996, the Fourth Circuit affirmed the convictions and sentences of this Court. The defendant has appealed the Fourth Circuit's decision to the Supreme Court of the United States.

On September 30, 1996, Petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence, or in the alternative, for a Writ of Error Coram Nobis, on the following grounds: (1) Petitioner's conviction for perjury—Counts 8 and 15 of the Indictment—violated Petitioner's right to a trial by jury, since the Supreme Court has since held, in *United States v. Gaudin,* 515 U.S. 506, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995), that if materiality is an element of an offense, it must be decided by the jury, and not by the Court, and (2) Petitioner's conviction for conspiracy—Count 1 of the Indictment—was somehow tainted by the Court's finding that the statements at issue in Counts 8 and 15 were material.

### II. Discussion

The government does not dispute that the Supreme Court's decision in *Gaudin* applies

retroactively to Petitioner's conviction, since Petitioner's case was pending on direct review when the Supreme Court's decision was issued. *See Griffith v. Kentucky,* 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987). Nor does the government dispute that the holding in *Gaudin* is applicable to the offense for which Petitioner was convicted, perjury, since whether or not the perjurious statements at issue were *material* was an element of the offense. The sole basis of the government's opposition to Petitioner's motion to correct his sentence is that Petitioner could have raised the issue of materiality on direct appeal, and didn't. "Thus," argues the government, "[P]etitioner has waived his right to assert this claim in collateral proceedings."

The government is not entirely correct. As the Fourth Circuit noted in *United States v. Landrum,* 93 F.3d 122 (4th Cir.1996),

> [a] claim raised for the first time in a § 2255 motion generally is not cognizable in federal court *unless* the petitioner demonstrates "both (1) 'cause' excusing his ... procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains."

*Landrum,* at 124–25 (quoting *United States v. Frady,* 456 U.S. 152, 167–68, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982)) (emphasis added).

■ Here, Petitioner argues that his unawareness of the Supreme Court's decision in *Gaudin* is sufficient cause to excuse his failure to raise the issue of materiality on appeal. Petitioner's argument is without merit. The Supreme Court's decision in *Gaudin* was issued on June 19, 1995, approximately ten days prior to the date on which Petitioner filed his brief on direct appeal. Furthermore, on November 29, 1995, eight days prior to the date on which Petitioner's direct appeal was orally argued, the government wrote a letter to Petitioner's counsel, noting the Supreme Court's decision in *Gaudin* and asking if Petitioner's counsel intended to raise the issue of materiality for the first time at oral argument. Since Petitioner's

unawareness of the Supreme Court's decision in *Gaudin* was the product of negligence and indifference, and not the result of "some objective factor external to the defense," *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986), Petitioner is procedurally barred from invoking the Court's decision in *Gaudin* as a basis for relief in his § 2255 application. *See, e.g., Engle v. Isaac,* 456 U.S. 107, 134, 102 S.Ct. 1558, 1575, 71 L.Ed.2d 783 (footnote omitted) ("Where the basis of a constitutional claim is available, and other defense counsel have perceived and litigated that claim, the demands of comity and finality counsel against labeling alleged unawareness of the objection as cause for a procedural default").

■ Petitioner also seeks to vacate his sentence of conviction on Count 1, the conspiracy charge, on the ground that this Court's determination that the false statements at issue in Counts 8 and 15 were *material* somehow prevented the jurors from impartially deliberating as to Defendant's guilt on Count 1. According to Petitioner,

> There is no way to determine exactly how much influence [the Court's determination of materiality] had on the jury's deliberation of Count One but can it be denied that when the judge tells the jury something against the defendant, its effect is catastrophic?

Petitioner's second claim for relief is without merit. Despite Petitioner's vague suspicion that the jurors' minds were poisoned against him, there is no evidence to suggest that the jury's finding of guilt on Count 1 was the result of anything but a wholly impartial consideration of the evidence before it.

### III. Conclusion

For the foregoing reasons, Petitioner's motion to vacate, set aside, or correct his sentence, is denied.[1]

SO ORDERED.

---

**1.** Since Petitioner had an adequate opportunity

to vacate his conviction under 28 U.S.C. § 2255,

it is not necessary for this Court to consider Petitioner's motion, in the alternative, for a Writ of Error Coram Nobis. *See United States v. Mandel*, 862 F.2d 1067, 1075 (4th Cir.1988) (a Writ of Error Coram Nobis may be granted to vacate a conviction only if a fundamental error occurred *and there is no other remedy available* ), *cert. denied*, 491 U.S. 906, 109 S.Ct. 3190, 105 L.Ed.2d 699 (1989). *See also United States v. Keane*, 852 F.2d 199, 202 (7th Cir.1988) (claims that could have been raised by direct appeal are outside scope of Writ of Error Coram Nobis), *cert. denied*, 490 U.S. 1084, 109 S.Ct. 2109, 104 L.Ed.2d 670 (1989).