UNITED STATES of America,

v.

**William R. RUNNELLS, Jr., Petitioner.**

No. 2:96CV1154.

United States District Court,
E.D. Virginia,
Norfolk Division.

Dec. 31, 1998.

---

**698**

James A. Metcalfe, AUSA, Norfolk, VA, for Plaintiff.

Richard G. Brydges, Brydges, Mahan, O'Brien & Frucci, PC, Virginia Beach, VA, for Defendant.

## OPINION AND ORDER

CLARKE, District Judge.

This case is before the Court on a Motion to Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody, filed pursuant to 28 U.S.C. § 2255. The motion is on remand from the Fourth Circuit.

### A. Background

Petitioner William R. Runnells, Jr. ("Runnells") was convicted on November 16, 1990 of numerous felony counts arising out of his involvement in a conspiracy dealing in fraudulent mortgage transactions. In addition to conspiracy, he was found guilty of filing false tax returns, bankruptcy fraud, wire fraud, RICO violations, criminal contempt, and obstruction of justice.

The conspiracy began in September, 1980 when Runnells and his attorney, Frank E. Butler, III created the Landbank Equity Corporation ("Landbank") for the purpose of making loans for residential real estate and selling the loans on the secondary mortgage market. Runnells' wife became an officer in Landbank, and was in charge of many of the mortgage operations. By 1985, Landbank had sold over $200 million in loans to over 36 federally insured banking institutions nationwide. Landbank filed for bankruptcy in 1985, and was found liable for more than $50 million to various creditors. Runnells was held in contempt during the trial for violation of an injunction imposed by the Bankruptcy court. A number of criminal proceedings arose out of the Bankruptcy trial, and several of the managing members of Landbank were convicted of crimes such as mail fraud, conspiracy, criminal contempt, tax evasion, and fraud.

Runnells was indicted on March 24, 1988 on 24 felony counts, and again on April 21, 1988, together with his wife, on 73 felony counts. Following the indictments, Runnells and his wife fled the jurisdiction. While in hiding, several other members of the conspiracy, including three of Runnells' family members, pled guilty or were convicted of crimes arising out of mortgage transactions by Landbank. On March 29, 1990, the Runnells were arrested in Dallas, Texas, and sent back to Virginia for trial. On November 16, 1990, a jury found Runnells and his wife guilty on substantially all of the charges.[1] On January 28, 1991, Runnells was sentenced to 40 years incarceration and restitution in the amount of $500,000.00. Runnells filed a timely appeal, and the conviction was affirmed by an unpublished *per curiam* opinion. See *United States v. Runnells*, 985 F.2d 554 (4th Cir. 1993). The Supreme Court denied a petition for certiorari. See *Runnells v. United States*, 509 U.S. 931, 113 S.Ct. 3061, 125 L.Ed.2d 743 (1993).

Runnells filed a motion for reduction of sentence on October 7, 1996 which was subsequently dismissed. On November 21, 1996, Runnells filed the instant Motion pursuant to 28 U.S.C. § 2255. The United States Attorney was directed to respond, and Runnells was given an opportunity to file a reply to the government's brief. The motion was denied by this Court on April 2, 1997 on the basis that it was not filed within the one year period of limitations established for § 2255 motions. The Fourth Circuit subsequently vacated the decision and remanded the case for further consideration. See *United States v. Runnells*, 162 F.3d 1158 (4th Cir.1998). The motion is now back before this Court, and is ripe for reconsideration.

### B. Arguments

Runnells primary argument concerning his sentence is that the Court should have used the Federal Sentencing Guidelines, which

---

1. Runnells was convicted on 23 counts in the first indictment, and 64 counts in the second indictment. He was found not guilty on 3 counts, and one count was dismissed because it was duplicated in the other indictment.

went into effect for crimes committed after November 1, 1987. Runnells argues that because conspiracy is a "continuing crime," his crimes overlapped the enactment of the sentencing guidelines. For conspiracies that 'straddle' the enactment of the sentencing guidelines, Runnells argues, the guidelines should be used. In addition, Runnells claims that his restitution was improperly imposed because no evidence was offered concerning the nature and amount of monetary damages caused by the conspiracy or of Runnells' own ability to pay. Finally, Runnells argues that these points were not raised during the sentencing or on appeal because he was denied effective assistance of counsel.

The United States makes several arguments in response. First, the government claims that the issue of whether or not the sentencing guidelines should have been used has already been decided by the Fourth Circuit on appeal in this case. Second, the government argues that Runnells' failure to appeal either of the two issues he raises precludes collateral review by this court through a § 2255 motion. Third, the government claims that the conduct of Runnells' attorneys does not meet the test for incompetence set out by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Finally, the government asserts that the underlying claims of Runnells' motion are without merit because the sentencing guidelines should not have been used, and because the issue of restitution cannot be remedied through an ineffective assistance of counsel argument.

### C. Analysis

■ The Court recognizes that Runnells did not pursue either of the issues raised here at trial or on direct appeal. Runnells argues that this is due to ineffective assistance of defense counsel both during his trial and on appeal. The Court is not persuaded by that argument. Ordinarily, a claim attacking a sentence may not be raised on a § 2255 motion if it was not objected to previously. However, the Court need not rule on that issue at this time because both claims can be dismissed based on their merits.

### 1. Application of the Sentencing Guidelines

■ Runnells claims that he should have been sentenced under the Federal Sentencing Guidelines which went into effect on November 1, 1987. It is unlawful for a court to impose a non-guidelines sentence when the sentencing guidelines should apply. *United States v. Story*, 891 F.2d 988 (2d Cir.1989). Although a court has the discretion to apply the sentencing guidelines to crimes committed prior to their adoption, *United States v. Bakker*, 925 F.2d 728 (4th Cir.1991), in the case of a conspiracy which took place both before and after the guidelines were imposed, the court is required to apply the sentencing guidelines to that crime. *United States v. Sheffer*, 896 F.2d 842 (4th Cir.1990).

■ In order for a court to find that a conspiracy continued after the imposition of the sentencing guidelines, there must be evidence that the defendant or his coconspirators performed acts in furtherance of the conspiracy sometime after November 1, 1987. *United States v. Bennett*, 984 F.2d 597 (4th Cir.1993); *United States v. Story*, 891 F.2d 988 (2d Cir.1989). To show a continuing conspiracy, there must be evidence that the defendants continued to "reap the benefits" of the conspiracy after the adoption of the guidelines. *United States v. Barsanti*, 943 F.2d 428 (4th Cir.1991). Finally, in determining the ending date of a conspiracy, the evidence presented at trial is the deciding factor, not the date stated on the indictment. *See Bakker*, 925 F.2d at 728.

The Court first notes that the Fourth Circuit, in an opinion affirming Runnells' conviction, states in a footnote that "[b]ecause [Runnells'] offenses were committed prior to November 1, 1987, the Federal Sentencing Guidelines did not apply." *United States v. Runnells*, 985 F.2d 554, slip op. at 3, n. 2 (4th Cir.1993). However, the guidelines issue was not raised on appeal, and there were no arguments or findings of fact by the Fourth Circuit on that issue. Therefore, this Court does not believe that the statement by the Fourth Circuit in the footnote is binding on this issue.

Runnells points to statements in the indictment, presentence report, and government sentencing memorandum as evidence that

the conspiracy continued past the adoption of the sentencing guidelines. However, as previously stated, the indictment is not determinative of this issue. *See Id.* Instead, the evidence actually presented at trial is the deciding factor. *See Id.*

■ Runnells also claims that evidence of a continued cover-up constitutes a continuation of the conspiracy. This evidence was not presented at trial, but was contained in the presentence report and sentencing memorandum. Evidence of Runnells' flight after the indictment was also not introduced at trial, but was introduced at the detention hearing and the sentencing hearing.

■ Even if the Court should consider evidence presented at pre- or post-trial hearings in determining the ending date of the conspiracy, the evidence which Runnells mentions is evidence only of an effort to cover up the conspiracy, not of the conspiracy itself. Evidence of a cover-up alone is not sufficient to show that a conspiracy has continued. The Supreme Court in *Grunewald v. United States,* 353 U.S. 391, 77 S.Ct. 963, 1 L.Ed.2d 931 (1957) held that

> [a]cts of covering up, even though done in the context of a mutually understood need for secrecy, cannot themselves constitute proof that concealment of the crime after its commission was part of the initial agreement among the conspirators.

*Id.* at 402, 77 S.Ct. 963. Runnells cites *United States v. Vogt,* 910 F.2d 1184 (4th Cir. 1990) for the proposition that *Grunewald* has been limited to the specific facts at issue in that case and is not applicable here. Two unpublished Fourth Circuit cases decided after *Vogt* cite *Grunewald* with approval, however. *See United States v. Caso,* 935 F.2d 1288 (4th Cir.1991); *United States v. Maryland and Virginia Milk Producers Co-op. Ass'n, Inc.,* 974 F.2d 1333 (4th Cir.1992).

The *Grunewald* rule has in fact been limited, but not in the way in which Runnells argues. According to *Grunewald* and subsequent cases, evidence of concealment is not considered part of the conspiracy unless the concealment is necessary to the main objectives of the original conspiracy. *See Grunewald,* 353 U.S. at 405, 77 S.Ct. 963. In this case, the main objective of the conspiracy was the operation of a fraudulent mortgage corporation. Efforts to cover up the crime and flee prosecution took place after the collapse of Landbank and continued after the indictment was returned. Thus, Runnells' attempts at flight and concealment were not directed towards the main goal of the conspiracy, but rather towards avoiding prosecution and trial. Clearly that is not a continuing part of the conspiracy under *Grunewald.*

The evidence shows that the main objectives of the conspiracy ceased before November 1, 1987, when the sentencing guidelines took effect. Landbank declared bankruptcy in September 1985, and the bankruptcy trial was held in June 1986. Other hearings arising out of the Bankruptcy trial continued through 1987, but were completed by August 4, 1987. Also, other members of the conspiracy were indicted beginning in 1986, and by September 1987, several had already plead guilty to their involvement in the conspiracy. Thus, with the collapse of the Landbank complete by August 1987, and with several of the other members of the conspiracy already indicted, it seems clear to this Court that the main objectives of the Landbank conspiracy in which Runnells was involved could not have continued beyond October 31, 1987.

The evidence shows that the conspiracy was complete by October 31, 1987, and Runnells points to no evidence introduced at the trial to contradict that conclusion. In short, Runnells was not convicted of any crimes committed after October 31, 1987, and the sentencing guidelines do not apply to his sentence. Therefore, the Court **DENIES** the relief sought on this issue.

## 2. Restitution Payments

■ The United States is correct in its argument that restitution payments are outside the scope of a § 2255 review. "Quite simply, a restitution order, absent substantial justification, is not the proper subject of a § 2255 petition and may not be collaterally attacked." *United States v. Landrum,* 870 F.Supp. 699, 702 (E.D.Va.1994), *aff'd, United States v. Landrum,* 93 F.3d 122 (4th Cir. 1996). *See also United States v. Rowland,* 848 F.Supp. 639 (E.D.Va.1994)(restitution is

not "a fundamental defect cognizable in a section 2255 petition").

■ However, Runnells argues that restitution claims can be raised under former Rule 35(a) of the Federal Rules of Criminal Procedure. Former Rule 35(a) applies to all sentences imposed for offenses prior to the adoption of the sentencing guidelines on November 1, 1987. As already discussed above, Runnells' sentence was based on a conspiracy which took place prior to November 1, 1987; therefore, former Rule 35(a) applies to his sentence.

■ Rule 35(a) authorized a court to "correct an illegal sentence at any time," and allowed challenges to restitution orders. A claim improperly brought under § 2255 may be treated by the Court as a motion under Rule 35(a). *See United States v. Landrum,* 93 F.3d 122 (4th Cir.1996). However, even if the Court were to treat Runnells' § 2255 claim as a claim under Rule 35(a), relief would still be unavailable.

■ Runnells asserts that the sentencing Court failed to make findings of fact concerning his ability to pay restitution. Such findings of fact by the sentencing court are required by statute, and the failure to make factual findings is reversible error. *See United States v. Shulman,* 940 F.2d 91, 95 (4th Cir.1991). The Court finds, however, that such factual findings were made, and that Runnells did not object to them.

At the time of the sentencing, the Court considered a lengthy and detailed presentence report prepared by the United States Probation Office. During the sentencing hearing, neither Runnells nor his counsel objected to any financial information in the report, nor did they request that any changes be made regarding Runnells' financial situation. The presentence report clearly showed that Runnells engaged in very profitable illegal activities with Landbank, and that his earnings at times were in excess of one million dollars ($1,000,000.00) per year. Runnells also operated several other businesses during the time that Landbank was operating. The report also shows that when it became apparent to Runnells that he was to be indicted, he fled the area with his co-conspirator wife, and was able to set up business operations in both California and Texas.

■ Runnells contends that the Court should have questioned him at the sentencing hearing to determine his ability to pay restitution. From the Court's view of the case, however, it would have been futile to question Runnells, because his previous criminal and fraudulent activities made it seem unlikely that he would be truthful with respect to his financial condition. The Court relied instead on the established financial success of Runnells' illegal activities and the financial harm (over $50,000,000.00) caused to other financial institutions as a result of Runnells' activities with Landbank. In consideration of these facts, a sentence to pay five hundred thousand dollars ($500,000.00) was appropriate. The Court therefore **DENIES** the relief sought in respect to the amount of restitution.

### 3. Ineffective Assistance of Counsel

Because the Court has denied both claims on the merits, Runnells' ineffective assistance of counsel claim must also fail. According to *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a defendant must meet two criteria to show ineffective assistance of counsel. First, "the defendant must show that counsel's performance was deficient." *Id.* at 687, 104 S.Ct. 2052. Second, "the defendant must show that the deficient performance prejudiced the defense." *Id.* As neither of Runnells' claims were meritorious, he fails to meet the second prong of the *Strickland* test. Therefore, Runnells' claim that he received ineffective assistance from counsel is **DENIED.**

### D. Conclusion

Based on the foregoing reasons, the Motion to Vacate, Set Aside, or Correct Sentence is hereby **DENIED,** and this action is **DISMISSED.**

The Petitioner is advised that he may appeal from the judgment entered pursuant to this Opinion and Order by filing a *written* notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within 30

days from the date of entry of such judgment.

The Clerk is **DIRECTED** to send a copy of this Opinion and Order to Petitioner and to the Assistant United States Attorney.

**IT IS SO ORDERED.**