# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 02-6663

LINO H. HAYNES,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Raymond A. Jackson, District Judge.
(CR-90-105-N, CA-93-113)

Submitted: August 22, 2002

Decided: September 9, 2002

Before WIDENER, MOTZ, and KING, Circuit Judges.

---

Affirmed in part and vacated and remanded in part by unpublished
per curiam opinion.

---

## COUNSEL

Lino H. Haynes, Appellant Pro Se. Laura Marie Everhart, Assistant
United States Attorney, Norfolk, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Lino Haynes, a federal inmate serving a life sentence following his conviction by a jury in 1991 of conspiring to distribute cocaine in violation of 21 U.S.C. § 846 (2000), and related offenses, *see United States v. Gayle*, Nos. 91-5788(L), 1992 WL 214481 (4th Cir. Sept. 2, 1992) (per curiam) (unpublished), appeals the district court's dismissal of his motion under former Fed. R. Crim. P. 35(a) (former Rule 35(a)), as an unauthorized successive motion under 28 U.S.C. § 2255 (2000), and the denial of reconsideration of that order.* Haynes' motion contends his sentences for six of his twelve remaining counts of conviction violate the relevant sentencing provisions applicable to those counts. For the following reasons, we affirm in part, and vacate and remand in part.

Initially, we find Haynes' motion under former Rule 35(a) should not have been construed as a § 2255 motion. Former Rule 35(a), which is limited to the correction of an illegal sentence, *Hill v. United States*, 368 U.S. 424, 430 (1962), at the district court's discretion, *United States v. Stumpf*, 476 F.2d 945, 946 (1973), applies to sentences for offenses committed prior to November 1, 1987. *See United States v. Landrum*, 93 F.3d 122, 125 (4th Cir. 1996). Because Haynes' judgment and commitment order indicates the conduct underlying Counts 3, 5, 22, 30, 31, and 33 concluded prior to November 1, 1987, Haynes was entitled to proceed under former Rule 35(a) as to those counts. *Id.*

We find no error, however, in the dismissal of Haynes' motion with respect to four of the six sentences Haynes claims are illegal. We note that the current sentencing provisions of § 841(b)(1), including the relevant statutory maximums and provisions for terms of supervised release, apply to drug trafficking offenses committed after October 27, 1986. *See Gozlon-Peretz v. United States*, 498 U.S. 395, 409 (1991). As a result, the only sentences that could be illegal as Haynes

---

*In 1994, this Court affirmed the district court's resolution of Haynes' initial § 2255 motion. *See United States v. Haynes*, No. 93-6784, 1994 WL 258508 (4th Cir. June 14, 1994) (per curiam) (unpublished).

contends are his sentences for Counts 3 and 5. Hence, Haynes has not demonstrated reversible error as to the dismissal of his motion as to Counts 22, 30, 31, and 33. *See United States v. Lofton*, 233 F.3d 313, 317 n.4 (4th Cir. 2000) (recognizing that appellate court may affirm result on reasons different from those on which lower court relied).

Accordingly, we affirm the district court's order dismissing Haynes' motion as to Counts 22, 30, 31, and 33, vacate the district court's order as it applies to Counts 3 and 5, and remand this case for further consideration. Additionally, because Haynes has appealed from the denial of a Rule 35 motion that was improperly construed under § 2255, we deny a certificate of appealability pursuant to Fed. R. App. P. 22(b)(2) as unnecessary. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED*
*AND REMANDED IN PART*