**Michael John BUSHMAN, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. CR.A. 87CR100.**

United States District Court, E.D. Virginia, Norfolk Division.

April 22, 2003.

Michael John Bushman, White Deer, PA, for Pro se.

Robert Seidel, Assistant U.S. Attorney, Norfolk, VA, for Defendant.

### OPINION & ORDER

DOUMAR, District Judge.

Michael John Bushman (hereinafter "Bushman") has filed a Motion to Correct an Illegal Sentence pursuant to former Federal Rule of Criminal Procedure 35(a). For the reasons set forth herein, Bushman's Motion is hereby **DENIED**.

### I. Factual and Procedural Background

On August 11, 1987, Bushman was named in 22 counts of a 153 count criminal indictment filed in the Eastern District of Virginia, Norfolk Division. Count 2 charged Bushman with Participating in a Racketeering Activity, in violation of 18 U.S.C. § 1962(c). Count 35 charged Bushman with Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1). Count 44 charged Bushman with Engaging in a Continuing Criminal Enterprise, in violation of 21 U.S.C. § 848. On January 4, 1988, Bushman pled guilty to Counts 2, 35, and 44 pursuant to the terms of a written plea agreement. On February 29, 1988, Judge Clarke sentenced Bushman to 35 years imprisonment, a fine of $20,000, and 5 years of supervised release.[1]

---

1. As to Count 2, Bushman was sentenced to 20 years imprisonment and a $10,000 fine. As to Count 35, Bushman was sentenced to 5 years imprisonment and 5 years of supervised release. As to Count 44, Bushman was sentenced to 10 years imprisonment and a $10,000 fine. All of the terms of imprisonment imposed were ordered to run consecutively.

On December 26, 2002, Bushman filed a Motion to Correct an Illegal Sentence pursuant to former Federal Rule of Criminal Procedure 35(a). In his Motion, Bushman contends that the sentence for Possession with the Intent to Distribute Cocaine is illegal in that it violates the Fifth Amendment's prohibition on cumulative or successive punishment. More specifically, Bushman alleges that Possession with the Intent to Distribute Cocaine under 21 U.S.C. § 841 is a lesser included offense of Engaging in a Continuing Criminal Enterprise under 21 U.S.C. § 848. As such, Bushman argues that the consecutive sentence that he received under 21 U.S.C. § 841 cannot stand.

After reviewing Bushman's Motion and the record, the Court ordered the United States Attorney to respond and gave Bushman, if he so desired, the opportunity to reply within 20 days of the United States' response. On February 26, 2003, the United States filed its response to Bushman's Motion. Bushman did not reply to the response of the United States, and his time for doing so has long since past. Thus, this matter is ripe for review.

## II. Analysis

### A. Former Federal Rule of Criminal Procedure 35(a)

■ The motion presently before the Court has been filed under former Federal Rule of Criminal Procedure 35(a). Bushman alleges that he is entitled to proceed under former Federal Rule of Criminal Procedure 35(a) because his challenge is limited to the correction of an illegal sentence and his offenses were committed before November 1, 1987. Bushman's Mot. at 1–8. On the other hand, the United States argues that former Federal Rule of Criminal Procedure 35(a) is not available to Bushman. The United States contends that Bushman "is invoking a rule of procedure which no longer exists" and that Bushman's motion should be construed as a § 2255 motion and dismissed as successive.[2] United States' Resp. at 5–9.

In relevant part, former Federal Rule of Criminal Procedure 35(a) provides that "[t]he court may correct an illegal sentence at any time . . . ." This Rule applies to sentences for offenses committed prior to November 1, 1987. *United States v. Landrum*, 93 F.3d 122, 125 (4th Cir.1996); *Herrera v. United States*, 798 F.Supp. 295, 297 (E.D.N.C.), *aff'd*, 960 F.2d 147 (4th Cir.1992); *United States v. Barkley*, 729 F.Supp. 37, 37 (W.D.N.C.1990). *See also, United States v. Haynes*, 46 Fed.Appx. 163, 164 (4th Cir.2002) (unpublished per curiam) (reversing the district court's construal of defendant's motion as a § 2255 motion and finding that defendant was entitled to proceed under former Rule 35(a) as to offenses which concluded prior to November 1, 1987). "[A]s the Rule's language and history make clear, the narrow function of Rule 35 is to permit correction at any time of an illegal sentence, not to re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence." *Hill v. United States*, 368 U.S. 424, 430, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). *See also, Heflin v. United States*, 358 U.S. 415, 418, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959) (stating that the question under

---

**2.** Bushman has previously sought relief under 28 U.S.C. § 2255. On August 25, 1992, Bushman filed a § 2255 motion arguing that his convictions and sentences for Participating in a Racketeering Activity and Engaging in a Continuing Criminal Enterprise violated the Double Jeopardy Clause. The district court denied Bushman's motion on December 18, 1992. Bushman appealed, and the United States Court of Appeals for the Fourth Circuit affirmed the dismissal of Bushman's § 2255 motion. *United States v. Bushman*, 7 F.3d 226, 1993 WL 375672 (4th Cir.1993) (per curiam).

Rule 35 is "whether the sentence imposed was illegal on its face.").

Simply put, there are two threshold requirements that must be met in order to invoke former Federal Rule of Criminal Procedure 35(a). First, the sentence for which a reduction is sought must be for an offense committed prior to November 1, 1987. In this case, Bushman's judgment and commitment order indicates that the conduct underlying Bushman's offenses concluded prior to November 1, 1987. Thus, Bushman has met the first requirement of former Rule 35(a). Second, a defendant must allege that his sentence is illegal. A sentence is illegal if it "exceeds the statutorily-authorized limits, violates the Double Jeopardy Clause, or is ambiguous or internally contradictory." *United States v. Pavlico*, 961 F.2d 440, 443 (4th Cir.), *cert. denied*, 506 U.S. 848, 113 S.Ct. 144, 121 L.Ed.2d 96 (1992). Here, Bushman alleges that his conviction and consecutive sentence for Possession with Intent to Distribute Cocaine violates the Double Jeopardy Clause because it is a lesser included offense of Engaging in a Continuing Criminal Enterprise, for which he was also convicted and sentenced. In so alleging, Bushman has met the second requirement of former Rule 35(a). Having met both threshold requirements, the Court finds that Bushman is entitled to invoke and proceed under former Federal Rule of Criminal Procedure 35(a).

## B. Bushman's Claim

■ Predicating his motion upon the Double Jeopardy Clause of the Fifth Amendment, Bushman claims that his sentence for Possession with the Intent to Distribute Cocaine cannot stand. Essentially, Bushman argues that Possession with the Intent to Distribute Cocaine under 21 U.S.C. § 841 is a lesser included offense of Engaging in a Continuing Criminal Enterprise under 21 U.S.C. § 848 and that, therefore, the consecutive sentence he received under 21 U.S.C. § 841 is impermissible.

The Double Jeopardy Clause of the Fifth Amendment prohibits the prosecution of a defendant twice for the "same offense." U.S. Const. amend. V. Thus, the question before the Court is whether a § 841 drug offense and a § 848 continuing criminal enterprise (hereinafter "CCE") offense are the "same offense."

On this question, the United States argues that *Garrett v. U.S.*, 471 U.S. 773, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985), compels a negative answer. The United States cites *Garrett* for the propositions that predicate substantive offenses are not lesser included offenses of a CCE offense and that "Congress intended to subject a defendant to separate punishments for the CCE offense and its predicate substantive offenses." United States' Resp. at 10. Therefore, the United States contends that Bushman's sentences for Counts 35 and 44 do not violate the Double Jeopardy Clause of the Fifth Amendment because Possession with Intent to Distribute Cocaine is not a lesser included offense of CCE.

*Garrett* involved a marijuana importation conviction in federal court in Washington state and a CCE conviction which resulted from a successive prosecution in federal court in Florida. The marijuana importation conviction served as a predicate offense for the later-tried CCE charge. Upon conviction, Garrett's sentence for the CCE offense was imposed consecutively to his sentence for the marijuana importation offense. *Garrett*, 471 U.S. at 777, 105 S.Ct. 2407. On appeal, Garrett contended that his conviction in Washington for importing marijuana barred the subsequent prosecution in Florida for CCE. *Id.* At issue in Garrett, therefore, was whether double jeopardy barred the prosecution of a CCE offense when the "facts underlying a prior conviction are

offered to prove one of the three predicate offenses that must be shown to make out a CCE violation." *Id.* at 775, 105 S.Ct. 2407.

Utilizing a tripartite analysis, the Supreme Court held that a CCE prosecution after an earlier prosecution for a predicate offense and cumulative punishment for a CCE conviction were permissible. First, the Supreme Court addressed whether the legislature intended each violation to be a separate offense. After an extensive discussion of the legislative history of 21 U.S.C. § 848, the Supreme Court found that Congress intended CCE to be a separate offense and that Congress intended to permit prosecution for both CCE and its predicate offenses. *Id.* at 778–86, 105 S.Ct. 2407.

The Supreme Court then addressed whether prosecution for CCE based upon a previous conviction for a predicate offense was constitutional under the Double Jeopardy Clause of the Fifth Amendment. In a somewhat lengthy discussion of double jeopardy principles, the Supreme Court cautioned "against ready transposition of the lesser included offense principles of double jeopardy from the classically simple situation presented in Brown to the multilayered conduct, both as to time and to place, involved in this case." *Id.* at 789, 105 S.Ct. 2407 (internal quotations omitted). In light of the facts of the case, the Supreme Court then noted that it had "serious doubts as to whether the offense to which Garrett pleaded guilty in Washington was a lesser included offense within the CCE charge so that prosecution of the former would bar a prosecution of the latter." *Id.* at 790, 105 S.Ct. 2407 (internal quotations omitted). Despite its reservation, the Supreme Court assumed, for the purposes of its decision, that the Washington offense was a lesser included offense because even doing so would not make Garrett's double jeopardy claim sustainable. *Id.* Relying on the fact that "the

continuing criminal enterprise charged against Garrett in Florida had not been completed at the time that he was indicted in Washington," the Supreme Court found that the CCE offense charged in Florida was a different offense from the marijuana importation offense charged in Washington. *Id.* at 791, 105 S.Ct. 2407. On this basis, the Supreme Court concluded that Garrett's prosecution for CCE in Florida did not violate the Double Jeopardy Clause of the Fifth Amendment. *Id.* at 792–93, 105 S.Ct. 2407.

Finally, the Supreme Court addressed whether the Double Jeopardy Clause bars cumulative punishments for CCE and its predicate offenses. Based upon its previous determination that Congress intended to CCE and its predicate offenses to be separate and distinct offenses, the Supreme Court found that Congress also intended to permit cumulative punishment. *Id.* at 795, 105 S.Ct. 2407. Therefore, the Supreme Court concluded that cumulative punishment for CCE and its predicate offenses did not violate the Double Jeopardy Clause. *Id.*

Although the facts of *Garrett* differ from the case at hand, *Garrett* indicates that a § 841 drug offense and a § 848 CCE offense are separate and distinct offenses. The United States Court of Appeals for the Fourth Circuit has not explicitly addressed full ramifications of *Garrett*, especially in the context of the issue presently before this Court. However, it has cited *Garrett* as holding that "separate prosecution and punishments are permissible for § 848 and the underlying substantive predicate offense." *United States v. Ricks,* 776 F.2d 455, 462–63 (4th Cir.1985). *See also, United States v. McHan,* 966 F.2d 134, 141 (4th Cir.1992) (stating that "as the Court concluded in Garrett, there can be little doubt that Congress determined a CCE offense is

different from the predicate offenses."). The United States Court of Appeals for the Fourth Circuit has also cited *Garrett* in at least three unpublished opinions. Similarly, in *Herrera v. United States,* the district court cited *Garrett* as establishing the permissibility of separate prosecutions and punishments for CCE and its underlying predicate offenses and affirmed petitioner's convictions for the underlying predicate offenses of CCE. 798 F.Supp. 295, 300–01 (E.D.N.C.1992).

Other circuits have consistently interpreted and applied *Garrett* to hold that prosecutions and cumulative punishment for the substantive predicate offenses of CCE and CCE itself are permissible. *See, e.g., United States v. Riddick,* 156 F.3d 505, 512 (3d Cir.1998) (stating that unlike a conspiracy, "substantive predicate offenses do not merge with the CCE count."); *United States v. Story,* 137 F.3d 518, 520 (7th Cir.1998) (rejecting defendant's argument that "simultaneous convictions for both CCE and its predicate offenses constitute double jeopardy."); *United States v. Rivera–Martinez,* 931 F.2d 148, 153–54 (1st Cir.1991)(applying *Garrett* to affirm defendant's convictions for aiding and abetting the distribution of narcotics in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1) and CCE in violation of 21 U.S.C. § 848); *United States v. Jones,* 918 F.2d 909, 911 (11th Cir.1990) (citing *Garrett* and finding that "when the predicate act is a substantive violation of the narcotics laws, ... the substantive violation does not merge into the CCE count."); *United States v. Stallings,* 810 F.2d 973, 977 (10th Cir.1987) (holding that a defendant could be convicted of both a continuing criminal enterprise and the underlying predicate offenses and that cumulative punishments for both did not violate the Double Jeopardy Clause); *United States v. Guthrie,* 789 F.2d 356, 360 (5th Cir.1986) (holding that "predicate offenses of a continuing criminal enterprise violation are not lesser included offenses of the continuing criminal enterprise for purposes of the Fifth Amendment's Double Jeopardy Clause."); *United States v. Burt,* 765 F.2d 1364, 1369 (9th Cir.1985) (stating that "*Garrett* compels us to find that the double jeopardy clause was not violated by consecutive sentencing on both section 848 and its predicate section 841 offenses.").

The clear import of these cases is that CCE and its underlying predicate offenses are not the "same offense" and that, therefore, separate prosecutions and cumulative punishments do not violate the Double Jeopardy Clause of the Fifth Amendment. Accordingly, Bushman's claim must fail.

### III. Conclusion

For the aforementioned reasons, Bushman's Motion to Correct an Illegal Sentence pursuant to former Federal Rule of Criminal Procedure 35(a) is hereby **DENIED**.

Bushman is **ADVISED** that he may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within ten (10) days from the date of this Order.

The Clerk is **DIRECTED** to send a copy of this Order to Bushman and to the United States Attorney.

**IT IS SO ORDERED.**