# UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                      No. 03-6465

ANTHONY GRANDISON,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, Senior District Judge.
(CR-83-200-HM)

Submitted: August 29, 2003

Decided: December 31, 2003

Before WILKINSON, NIEMEYER, and WILLIAMS,
Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

## COUNSEL

Anthony Grandison, Appellant Pro Se. Juliet Ann Eurich, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Anthony Grandison appeals the district court's orders denying both his motion filed pursuant to former Fed. R. Crim. P. 35(a) and his motion for reconsideration. We construe Grandison's appeal as a request for authorization under 28 U.S.C. § 2244 (2000) to file a successive 28 U.S.C. § 2255 (2000) motion. We deny authorization to file a successive § 2255 motion. Because the district court was without jurisdiction to enter its order, we vacate the order of the district court and remand with instructions to dismiss.

Grandison and three others were convicted of conspiracy to violate civil rights, 18 U.S.C. § 241, and witness tampering, 18 U.S.C. § 1512. The "charges grew out of the brutal murders of two motel employees, one of whom . . . was in a position to identify Grandison as someone who visited the motel in early November 1982. The testimony . . . was significant to establish Grandison's guilt in a federal narcotics case . . . for which trial was pending on . . . the date of the murders." *United States v. Grandison*, 780 F.2d 425, 428 (4th Cir. 1985). Grandison was sentenced to life in prison for conspiracy and ten years for witness tampering. The sentences run consecutively.

In his Rule 35(a) motion, Grandison claims that his life sentence violates the rule of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because the indictment did not charge that the conspiracy resulted in death and the judge, rather than the jury, found the causal connection between the violation of civil rights and death that is required under § 241 to impose a life sentence. Grandison argues that this *Apprendi* violation requires resentencing and imposition of a sentence not to exceed ten years.

Grandison first argues that his Rule 35(a) motion is not an attempt to collaterally attack his sentence, because motions brought under Rule 35(a) are "made in the original case . . . a[s] part of the appellate process from [the] original conviction rather than a collateral attack on [the] sentence." *United States v. Landrum*, 93 F.3d 122, 125 (4th Cir. 1996) (quoting *United States v. Shillingford*, 586 F.2d 372, 375 (5th Cir. 1978)). However, *Landrum* dealt only with a situation where

the prisoner had not yet filed a motion under § 2255. We do not believe its rationale applies here, where Grandison's direct appeal has already concluded and two § 2255 motions have also been denied. Instead, the motion Grandison filed in the district court is best characterized as attempt to file a successive § 2255 motion.

Section 2244 requires that prisoners seek authorization with the circuit court before filing a successive § 2255 motion. 28 U.S.C. § 2244(b)(3) (2000). Without such authorization, the district court lacks jurisdiction to hear the claims. *United States v. Winestock,* 340 F.3d 200 (4th Cir. 2003). Because the district court lacked jurisdiction over the claim, we will construe Grandison's appeal as a motion for authorization, pursuant to § 2244(b)(3), to file a successive § 2255 motion. *Winestock*, 340 F.3d at 208. We may authorize the filing of a successive § 2255 motion only if the prisoner makes a prima facie showing that his claim relies on either the existence of a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court or newly discovered evidence that would prove by clear and convincing evidence that no reasonable factfinder could have found the individual guilty of the offense. 28 U.S.C. § 2255 ¶ 8 (2000). Because we have previously held that *Apprendi* claims cannot be raised during collateral review, *see United States v. Sanders*, 247 F.3d 139 (4th Cir. 2001), and because Grandison does not allege the existence of newly discovered evidence, Grandison fails to meet the standard required for authorization under § 2244. We thus deny Grandison the authorization to file a successive § 2255 motion and deny his motion for appointment of counsel. We also vacate the order of the district court and remand with instructions to dismiss the motion. *Winestock*, 340 F.3d at 208.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED; AUTHORIZATION DENIED*